IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN OCHOA-PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-191-D-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITIONER'S MOTION TO VACATE**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner MARTIN OCHOA-PEREZ on September 2, 2016. For the reasons set forth below, petitioner's motion should be DENIED.

I.
BACKGROUND

On August 14, 2013, petitioner was charged by Indictment with the felony offense of Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. §§ 202(3), 202(4) and 557. *United States v. Ochoa-Perez,* No. 2:13-CR-23. [ECF 12]. On September 11, 2013, petitioner was charged by a Superseding Indictment with Illegal Re-Entry After Deportation, Felon, in violation of 8 U.S.C. § 1326(a) & (b)(1) and 6 U.S.C. §§ 202(3), 202(4), and 557. [ECF 28].

On October 15, 2013, petitioner pleaded guilty to the Superseding Indictment. [ECF 40]. Pursuant to a written Plea Agreement filed the same day, petitioner acknowledged the maximum penalties the Court could impose, stated he understood the Court would impose the sentence after

consideration of the United States Sentencing Guidelines and that the guidelines were not binding on the Court. [ECF 37]. Petitioner also acknowledged he had reviewed the guidelines with counsel but understood no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case, acknowledged he would not be allowed to withdraw his plea if his sentence was higher than expected, and also that he fully understood the actual sentence imposed was solely in the discretion of the Court. Petitioner averred not only that there had been no guarantees or promises from anyone as to what sentence the Court would impose, but also that he had thoroughly reviewed all legal and factual aspects of his case with his lawyer and was fully satisfied with his attorney's legal representation.

On December 10, 2013, a Presentence Report (PSR) calculated petitioner's criminal history score, as relevant to this proceeding, as follows:

| | | | |
|---|---|---|---|
| 3 points | DWI | #2542 | 9-4-2003 sentence imposed |
| 3 points | Delivery of a controlled substance | #2516 | 2-24-2003 sentence suspended; 9-4-2003 sentence imposed |
| 3 points | Delivery of a controlled substance | #2561 | 9-4-2003 sentence imposed |
| 0 points | Delivery of a controlled substance | #2561 | 9-4-2003 sentence imposed |
| 2 points | Fraud Use/Possession Identifying Information | #2888 | 7-25-2013 sentence imposed |

[ECF 42-1 at 5-9]. Petitioner's subtotal criminal history score was thus calculated as 11; however, as petitioner committed the illegal re-entry offense while on parole, an additional 2 points were added resulting in a total criminal history score of 13 and a Criminal History Category of VI. [*Id.* at 9]. Based on a Total Offense Level of 21 and the Criminal History Category of VI, the PSR recommended a Guideline Imprisonment Range of 77 to 96 months. [*Id*. at 12].

On January 10, 2014, the Court held petitioner's sentencing hearing. [ECF 48]. At the

hearing, petitioner acknowledged he had read the PSR, believed he understood it, and thought everything in the PSR was correct. [ECF 55 at 4-5]. At the hearing, defense counsel, acknowledging petitioner's delivery convictions "resulted in a net of six criminal history points," argued a downward departure would be appropriate because, *inter alia*, the Criminal History Category overstated the seriousness of petitioner's prior criminal behavior considering the strange circumstances and timing of his convictions. [*Id.* at 6-7]. The Court then sentenced petitioner to a 90-month term of imprisonment in the United States Bureau of Prisons, a sentence in the middle of the recommended guideline range and explained the sentence was justified because:

> The defendant re-entered the United States and violated the laws of the United States. Much of his criminal history was too old to be taken into account in the guidelines. The defendant continues the practice of violating the law. The sentence addresses the Court's sentencing objectives of punishment and deterrence.

[ECF 56 at 4]. The Court entered Judgment that same date. [ECF 50].

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. [ECF 52]. On September 1, 2015, the appellate court dismissed petitioner's appeal as frivolous. *United States v. Ochoa-Perez*, No. 14-10095. [ECF 57, 58].

On August 29, 2016, petitioner placed the instant motion to vacate his sentence in the prison mailing system, such motion being received and filed of record on September 2, 2016. *Ochoa-Perez v. United States*, 2:16-CV-191 [ECF 1]. On June 12, 2017, the Government filed its response in opposition to petitioner's motion. [ECF 6]. On July 21, 2017, petitioner filed a reply to the Government's response.[1]  [ECF 7].

---

[1] In his reply, petitioner appears to assert new claims not raised in his motion to vacate, to wit: defense counsel was ineffective for failing "to ask the Government for a reduction of level based on the fast-track program," that the District Judge erred in failing to consider a downward departure "based on a disparity between fast-track and no-fast-track jurisdictions," and erred in failing to assess petitioner's sentence pursuant to considerations deemed appropriate under Amendment 802. In the Court's Order to Show Cause [ECF 4], petitioner was advised that under no circumstances would the Court consider new grounds for relief asserted in a reply. Consequently, this Court will not consider petitioner's new claims, raised for the first time in his reply to the Government's response.

II.
PETITIONER'S ALLEGATION

In this motion, petitioner contends his sentence is in violation of the Constitution and laws of the United States for the following reason:

> Petitioner was denied effective assistance of counsel in his criminal proceeding because counsel failed to object when petitioner was wrongly assessed nine (9) criminal history points instead of six (6) criminal history points for his state delivery convictions because two of his three convictions should have been counted as one sentence.

III.
MERITS

In its response filed June 12, 2017, the Government thoroughly and accurately briefed statutory authority and case law regarding the applicable standards of review for relief under 28 U.S.C. section 2255 proceedings, and for reviewing claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and its progeny. [ECF 6 at 2-3]. The Court notes its obligation to follow these clearly established standards without the need of repeating the Government's briefing.

A.   Criminal History Calculation Error?

Petitioner asserts he was assessed three (3) criminal history points for each of his three (3) delivery of a controlled substance convictions resulting in nine (9) criminal history points being assessed for his delivery convictions. Petitioner contends this was in error because two of his delivery convictions, Cause Nos. 2561 and 2562, should have been considered as "one sentence" in computing his criminal history score under section 4A1.2 of the United States Sentencing Guidelines.[2] The basis for petitioner's assertion is that he was arrested for the offense on the same

---

[2] USSG § 4A1.2(a)(2) (2013) defines how, in multiple-prior-sentence situations, to "determine whether those sentences are counted separately or as a single sentence."

date and sentenced on the same date for both convictions. Petitioner concludes Cause No. 2562 was thus erroneously assessed 3 criminal history points in determining his criminal history category.

As noted above, the PSR did not assess three (3) criminal history points for each of petitioner's delivery convictions. The PSR assessed only six (6) points, rather than nine (9) points, for petitioner's three (3) delivery convictions, assessing zero (0) points for the delivery conviction in Cause No. 2562. The PSR explained petitioner did not receive any criminal history points for the third delivery conviction in Cause No. 2562 "because there [was] no intervening arrest" with the delivery offense charged in Cause No. 2561 and because the sentences imposed in the two delivery cases were imposed on the same day. [ECF 42-1 at 8]. The delivery convictions in Case Nos. 2516 and 2561 each received three (3) criminal history points each because they were charged separately and because the original sentences were imposed on different dates. *See* USSG § 4A1.2(a)(2) (2013); *United States v. Arnold*, 213 F.3d 894, 895-96 (5th Cir. 2000) (holding that a suspended prison sentence is "imposed" under the guidelines on the date of pronouncement, not the date of revocation).

Therefore, contrary to petitioner's allegation, the record demonstrates he did not receive any criminal history points for the conviction at issue, Cause No. 2562; instead, he received only a total of six points for his three convictions. There was no error in the PSR's criminal history point calculation.

### B. Ineffective Assistance of Counsel

In his sole ground, petitioner claims he was denied his constitutional right to effective assistance of counsel because counsel failed to object to the PSR criminal history score on the basis that three (3) criminal history points should not have been assessed for the delivery

conviction in Cause No. 2562. Petitioner blames counsel for "not see[ing] the error" and "failing to point [it] out" at sentencing.

Because the alleged scoring error never occurred, counsel had no reason to object to petitioner's criminal history score. Therefore, petitioner has not, and cannot, show counsel performed deficiently. Without a basis to object, petitioner's counsel did not provide ineffective representation by failing to challenge the PSR's criminal history score. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel cannot be deemed ineffective for failing to raise a meritless argument).

Moreover, as noted by the Government, the sentencing hearing transcript demonstrates petitioner's counsel did not "overlook, ignore, or blindly accept" the PSR's treatment of petitioner's three (3) delivery convictions. Instead, defense counsel's comments clearly demonstrate she had diligently examined the circumstances surrounding petitioner's prior criminal history, specifically his delivery convictions. Although concluding the criminal history points were correctly scored, counsel argued all three delivery convictions should be treated as a single sentence; further, for numerous reasons, counsel strongly urged the Court to downwardly depart from the guideline range. [ ECF 55 at 6-7]. Again, petitioner fails to establish counsel performed deficiently or that he was prejudiced as a result thereof. Petitioner's sole allegation of ineffective assistance of counsel should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed by petitioner MARTIN OCHOA-PEREZ be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 9, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).